The Chief Justice
delivered the opinion of the court.
This is a writ of error to a judgment of the circuit court for Scott county, upon an appeal from the decision of a magistrate, against the plaintiff in error, in a suit by a warrant brought by him against the defendant in error, upon a note for the payment of fifty dollars.
On the trial it appeared that one Trueman Briscoe had been bound by indentures as an apprentice to the plaintiff in error, to learn the trade of a shoe and boot-maker; that after several years service, when he had learned to be a tolerable tradesman, he deserted the service of the plaintiff in error, and while absent from his master’s service, requested the defendant in error to purchase up the remainder of his time; that in pursuance of this request, the defendant in error, who was the brother of the apprentice, agreed with the plaintiff in error, in the presence and with the assent of the apprentice’s father, to give fifty doiiars for the remainder of the time of the apprentice’s service, and for the payment thereof executed his note, upon which the suit was brought, payable within six months. It also appeared, that after the note had been executed, and some conversation in relation to the indentures, (which seem not to have been present at the time) the plaintiff executed a writing assigning the indentures to the defendant in error, and' stipulating that the writing should be good against him. .The defendant in error then, for the purpose of impeaching the transaction of the note, offered evidence to prove that the plaintiff in error had agreed verbally to deliver the indentures to him on application, and the failure of the plaintiff in error to do so. To this evidence the plaintiff in error objected; but the court overruled the objection and permit-ed the evidence to go to the jury, to which the plaintiff in error excepted.
The only question material to be decided therefore is, whether this evidence was admissible or not ?
We are °f opinion it was not admissible, for the true consideration of the note as appears from its face as well as from the vyhole transaction, was the relinquishment by P^in,i1^ ⅛ error, of his right to the remainder of the time of the apprentice’s service, and the writing he ex *169 ecuted assigning the indentures and stipulating that it should be good against him, was sufficient for that purpose..
Bibb for plaintiff, IVickliffe for defendant in error.
But at most, the agreement to deliver up the indentures could be but a part of the consideration of the note, and according to the repeated decisions of this court, a partial failure of the consideration was not a legal ground of de-fence.
The judgment reversed with costs, and the cause remanded for farther proceedings to be had not inconsistent with the foregoing opinion.